**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 27, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

MARYGOLD COLLINS,

    Plaintiff - Appellant,

v.

LYNN SCHUSTERMANN; WOMEN'S
INTERNATIONAL ZIONIST
ORGANIZATION; S.O.S. CHILDREN'S
VILLAGE – USA, INC.; YITHAK AMIT;
TOVA PERI; GALIT MOR VIGOTSKI;
CHAIM KATZ; INTERNATIONAL
FELLOWSHIP OF CHRISTIANS AND
JEWS (IFCJ),

    Defendants - Appellees.

No. 16-5136
(D.C. No. 4:16-CV-00501-CVE-PJC)
(N.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **KELLY**, **HARTZ**, and **O'BRIEN**, Circuit Judges.
_____

    Plaintiff Marygold Collins, a British citizen living in Israel who is proceeding

pro se, appeals the dismissal of her complaint for lack of federal subject-matter

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

jurisdiction and for failure to state a claim upon which relief can be granted. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

Collins filed suit claiming her two minor children were removed from her home after she sought assistance from Israeli social workers, who then falsely claimed the children were "at risk." Collins claimed her children were taken to homes operated by defendants Women's International Zionist Organization (WIZO) and S.O.S. Children's Village-USA, Inc. (SOS), where they were subjected to physical and emotional abuse. She claimed defendant Schusterman raised money ostensibly to help at-risk children in Israel when, in fact, the money raised was paid to Schusterman, WIZO, and SOS by channeling the money through defendant International Fellowship of Christians and Jews. She alleged the individual defendants were Israeli judicial or governmental officers who participated in proceedings to take her children from her.

Collins asserted the defendants engaged in the "false solicitations of funds from American donors to propel a booming industry of child trafficking, outplacements and snatching of children from natural parents . . . ." R. Vol. 1, at 5. She sought $2 million in damages for alleged violations of the Foreign Corrupt Practices Act (FCPA), 15 U.S.C. §§ 78dd-1 to -3; the Securities Act, 15 U.S.C. § 77q(a); the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) & 17 C.F.R. § 240.10b-5; and common law. None of the defendants responded to the complaint because the case was dismissed before any responses were due.

The district judge dismissed the case without prejudice on the alternate grounds of lack of federal subject-matter jurisdiction and failure to state a claim. In finding a lack of

2

jurisdiction, the judge characterized the dispute as a challenge to a child custody order issued by another court, and applied the domestic relations exception to federal jurisdiction. We review de novo the legal question of whether the district court had subject-matter jurisdiction. *Johnson v. Rodrigues (Orozco)*, 226 F.3d 1103, 1107 (10th Cir. 2000). "[T]he domestic relations exception . . . divests the federal courts of power to issue divorce, alimony, and child custody decrees." *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992). But the exception does not apply to tort claims, even if the claims involve the parties' children. *See id.* at 704 (stating plaintiff's lawsuit "in no way seeks . . . a [domestic relations] decree; rather, it alleges that respondents Richards and Kesler committed torts against L.R. and S.R., Ankenbrandt's children by Richards"); *accord Johnson*, 226 F.3d at 1112 (applying *Ankenbrandt* to hold tort claim of intentional infliction of emotional distress does not fall within the domestic relations exception). Here, Collins sought damages based, in part, on allegations the defendants took her children from her and abused them. Therefore, because Collins's complaint does not "involv[e] the issuance of a divorce, alimony, or child custody decree," *Ankenbrandt*, 504 U.S. at 704, the district judge erred by invoking the domestic relations exception. *See id.*

Nevertheless, we affirm the dismissal for failure to state a claim. A district judge may dismiss a complaint sua sponte for failure to state a claim upon which relief can be granted if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged and allowing [her] an opportunity to amend [her] complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted). "We review the

3

district court's dismissal under [Fed. R. Civ. P.] 12(b)(6) de novo, and, in doing so, we review for plausibility, specifically whether enough facts have been pled to state a plausible claim." *Dutcher v. Matheson*, 840 F.3d 1183, 1196 (10th Cir. 2016) (internal quotation marks omitted).

We have liberally construed Collins's pro se filings. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). We do not, however, "take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Id.* Moreover, "pro se parties [must] follow the same rules of procedure that govern other litigants." *Id.* (internal quotation marks omitted).

Collins claimed damages under federal securities laws, yet she did not allege any of the defendants had bought, sold, or otherwise dealt in securities. *See* 15 U.S.C. § 77q(a) (making unlawful various acts related to "the offer or sale of any securities"); 15 U.S.C. § 78j(b) (making unlawful various acts "in connection with the purchase or sale of any security"); 17 C.F.R. § 240.10b-5 (same).

Collins also made no allegation of attempts to influence a foreign official in violation of the FCPA. *See* 15 U.S.C. § 78dd-1(a) (making it unlawful for any securities issuer or its officer to bribe a foreign official); *id.* § 78dd-2(a) (same for "any domestic concern, other than an issuer"); *id.* § 78dd-3(a) (same for individual who is not an issuer or a domestic concern). Collins alleged (1) Schusterman "illegally fund[ed] State terrorism," R. Vol. 1, at 9, (2) Schusterman received "the privilege of dictating to the Israeli Ministry of Welfare policies and methods of operation," *id.* at 29-30, and (3) the defendants' "practices constitute fraud in violation of the . . . FCPA, as donations to [the

4

defendant] organizations can be used to buy influence—for example, by funnel[]ing funds or donating to an officials' favo[]rite charity or cause," *id.* at 31 (parentheses omitted). But these general, conclusory allegations are insufficient to state a claim under the FCPA. *See Mocek v. City of Albuquerque*, 813 F.3d 912, 921 (10th Cir. 2015) (when evaluating whether a complaint states a claim, we "disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable" (internal quotation marks omitted)). Even assuming the FCPA authorizes a private right of action, *see Republic of Iraq v. ABB AG*, 768 F.3d 145, 171 (2d Cir. 2014) (affirming district court's dismissal of a complaint under Rule 12(b)(6) because the FCPA does not provide a private right of action), Collins's allegations do not state a claim.

On appeal, Collins argues the securities acts and FCPA apply due to defendants' "financial activities of seeking donations for U.S. citizens under False pretense and Fraud to promot[e] locking up children in notorious facilities [*sic*]," Aplt. Br. at 3. She further argues, "trafficking in children for a profit and Fundraising on they backs is a crime [*sic*]," *id.* at 4, and she invokes "laws against perpetrating fraud on American donor[s]," *id.* at 5. This is not adequate legal argument. The party challenging the district judge's judgment must support her argument with legal argument or authority. *See* Fed. R. App. P. 28(a); *Phillips v. Calhoun*, 956 F.2d 949, 953 (10th Cir. 1992). Thus, even construing Collins's arguments liberally, we conclude she has failed to demonstrate error in the district judge's rulings, and we affirm the dismissal based on the securities acts and the FCPA.

5

In addition, Collins contends the district judge erred in dismissing her common-law tort claims. She has not, however, made any argument or cited to any authority to support these claims, so they are waived. *See United States v. Hardwell*, 80 F.3d 1471, 1492 (10th Cir. 1996) (holding appellant waived issue "by failing to make any argument or cite any authority to support his assertion"). Finally, in her appellate brief Collins asserts defendant Schusterman unduly influenced the district judge because she "is a prominent billionaire in Tulsa." Aplt. Br. at 5. This claim was raised for the first time on appeal so we do not consider it. *See McDonald v. Kinder-Morgan, Inc.*, 287 F.3d 992, 999 (10th Cir. 2002) ("[A]bsent extraordinary circumstances, we will not consider arguments raised for the first time on appeal.").

The judgment of dismissal without prejudice is affirmed.

Entered for the Court


Terrence L. O'Brien
Circuit Judge